RYAN E. HATCH (CA Bar No. 235577)
HATCH LAW, P.C.
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

*Attorney for Plaintiff Actian Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ACTIAN CORPORATION | Case No. 5:23-cv-5815 |
|---|---|
| Plaintiff, | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| v. | **Jury Trial Demanded** |
| MIRION TECHNOLOGIES, INC. | |
| Defendant. | |

Plaintiff, Actian Corporation ("Plaintiff" or "Actian"), hereby files this Original Complaint and asserts, through its attorneys, claims against Mirion Technologies, Inc. ("Mirion" or "Defendant").

**INTRODUCTION**

1. In this case, Actian asserts claims for breach of contract, copyright infringement and negligence against defendant Mirion.

2. The contracts that Mirion breached are written contracts including a "Customer License and Support Services Agreement," dated June 22, 2012 (the "CLA," attached hereto as Exhibit A), the "Actian OEM Agreement," dated December 7, 2015 (the "OEM Agreement," attached hereto as Exhibit B), and support policies, which are incorporated into the CLA, the OEM Agreement, and into the sales orders that Mirion, then known as Canberra Industries, Inc.,

entered with Actian (the "Support Policies"), along with end-user license agreements included with Actian commercial computer programs received by Mirion (collectively, the "Agreements").

3. The Actian software at issue in this lawsuit includes, without limitation, versions of Actian's Ingres and OpenROAD computer programs and related materials (the "Software"). The Software is protected by valid copyrights owned by Actian, including without limitation the copyright registrations listed on Attachment A hereto (the "Copyrights"), incorporated herein by reference.

## THE PARTIES

4. Actian Corporation is a Delaware corporation that has its principal place of business in the Northern District of California. Actian is a software development and services company whose primary focus is hybrid data management, integration, and analytics.

5. Mirion Technologies, Inc. is headquartered at 1218 Menlo Drive, Atlanta, Georgia, 30318 with locations and controlled affiliated companies in California at 156 Diablo Rd, Danville, California, 94526 and 2652 McGaw Ave, Irvine, California.

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this action. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* The Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331. Separately, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Actian is a citizen of California and Delaware, and Mirion is a citizen of Georgia. The Court also has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

7. The Court has personal jurisdiction over Mirion, and Mirion is subject to personal jurisdiction in California and in the Northern District of California. Mirion and its controlled affiliated companies conduct business in this District at 156 Diablo Rd, Danville, California, 94526 and 2652 McGaw Ave, Irvine, California. Mirion has, through these locations in California and in this District, committed acts of infringement and breach of contract as described herein.

8. Venue is proper in this District. A substantial part of the events or omissions giving rise to claims herein occurred in this District. Furthermore, Mirion resides in this District for purposes of 28 U.S.C. § 1391 because Mirion, or its controlled companies publicly and regularly operate, maintain, and conduct business in this District.

9. Venue is also proper in this District because Mirion agreed to venue in this District. For example, Section 9.3 of the CLA provides that "[t]he venue for any claims arising under this Agreement shall be the federal courts located in the Northern District of California or the state courts located in Santa Clara County, California" and that "the parties agree to submit to the exclusive jurisdiction of such courts." Similarly, Section 12.6 of the OEM Agreement provides that "[t]he parties hereby submit to the exclusive jurisdiction of the federal courts located in the Northern District of California or state courts in Santa Clara County, California."

10. Moreover, the claims and allegations herein arise out of Mirion's purposeful contacts with California. For example, the CLA and the OEM Agreement were executed in this District, and Mirion became party to the Agreement with Actian, which resides in this District. Section 9.3 CLA provides that "[a]ny action related to this Agreement shall be governed by California law," and Section 12.6 of the OEM Agreement provides that "[t]his Agreement will be governed and construed in accordance with the controlling U.S. federal law and the laws of the State of California," and further provides that applies California law applies to breach of contract and other claims "related to or arising out of" the agreement.

11. Further, Mirion has directed communications regarding the distribution of OpenROAD software to California, has committed acts of breach of contract and copyright infringement in California. Moreover, Mirion has made substantial distributions and, on information and belief, sublicenses of Applications containing OpenROAD software in California and in this District, which included such distributions that were infringing and not properly reported and paid for. Mirion also has employees and seeks employees in this District and throughout the State of California, including employees that work on or with the Applications.

# FACTUAL BACKGROUND

1. Actian is renowned for its innovative data management, integration, and analytics technologies. Actian has an installed base of many thousands of customers including large global enterprises, public sector entities, and small to medium enterprises.

2. Actian's Ingres computer program is a proprietary relational database management system. Actian's OpenROAD computer program is a database-centric, object-oriented, 4GL rapid application development (RAD) tool that lets you develop and deploy mission-critical, n-tier business applications on Windows, Linux and Unix. OpenROAD connects to databases such as Ingres, Microsoft SQL Server, Oracle, Zen and Actian X and supports additional databases using ODBC.

3. Mirion makes and distributes computer software, including an application for use with radiation detection devices called "Personnel Access Data System" ("PADS"). As a critical component of its offering, Mirion embeds the Software within PADS, and potentially other of its application software (collectively, "Applications"), which Mirion sells to its customers for substantial fees.

4. The CLA entitled Mirion to purchase licenses to copies of both Ingres and OpenROAD computer programs for its own use.

5. The OEM Agreement granted Mirion the right to distribute copies of Actian's Ingres computer programs only, and only embedded within its specified Mirion computer program products, according to orders Mirion would place with Actian.

6. Beginning in or about March 2022 and continuing through June 26, 2023, Actian learned that Mirion had engaged in acts that constitute breach of contract and copyright infringement, as described more fully herein.

7. As a result of Mirion's wrongful conduct, on September 11, 2023, Actian provided notice of breach and the opportunity to cure. Mirion has failed to cure the breaches, including with the 30-day cure period or otherwise, and negotiations for a business resolution have failed. This lawsuit followed.

# FIRST CLAIM FOR RELIEF

## Breach of Contract

8. Actian restates and incorporates by reference every allegation in the preceding paragraphs.

9. Valid written contracts exist between Actian and Miron as embodied in the Agreements.

10. Actian performed under the Agreements, including by providing Mirion access to the Ingres and OpenROAD software, pursuant to the terms of the Agreement, and by otherwise complying with and performing with the Agreements.

11. Mirion has breached the Agreements, including without limitation by acting and failing to act in at least the following ways:

   a. Mirion has distributed copies of OpenROAD in breach of Section 2.1 of the OEM Agreement, which restricts Miron's resale rights to "Software," which was limited by Section 1.10 and Schedule 1 as the Ingres Database Managed Software;

   b. Mirion has distributed copies of OpenROAD in breach of Section 2.2(i)(i) of the CLA, which expressly requires that Mirion not "distribute, lease, loan, sell, encumber, sublicense or otherwise transfer a Product";

   c. Mirion has over deployed Ingres by distributing copies of that software to at least 37 of its customers when it had only procured 35 Ingres licenses, in breach of the OEM Agreement, including Section 3.2 requiring that Mirion not, "distribute, sell, sublicense, lease, rent, loan, assign or otherwise transfer" Ingres software other than in the quantity purchased from Actian, complying with all of the terms of the OEM agreement (including without limitation Section 2.2 and Section 4.5) governing the manner in which Mirion is permitted to distribute copies of Ingres;

   a. Mirion integrated Actian's OpenROAD product into PADS, thereby offering its commercial service leveraging Actian's products, in breach of Section 2.2(i)(ii) of the CLA, which prohibits "...us[ing] a Product to provide or operate hosting or

    Application Service Provider (ASP) services, service bureau, marketing training, outsourcing services, or consulting services, or any other commercial service related to the Products"; and

  b. Mirion's customer sites maintain various versions of Ingres but Mirion has only been paying for the most current version, avoiding the significantly higher fees for old or obsolete versions, in breach of the Support Policies.

12. The foregoing are only exemplary breaches, and there are likely other breaches and infringements, including ones of which Actian remains unaware.

13. Mirion's breaches have directly and proximately caused Actian damage.

14. Actian seeks recovery of all compensatory and other damages caused by Mirion's breaches.

### THIRD CLAIM OF RELIEF

### Copyright Infringement

15. Actian restates and incorporates by reference every allegation in the preceding paragraphs.

16. Actian is the owner of the Copyrights, which are valid.

17. Mirion has committed acts of copyright infringement violating one or more of the Copyrights, including without limitation by the following acts:

  a. Mirion has distributed copies of OpenROAD beyond the scope of Section 2.1 of the OEM Agreement, which restricts Miron's resale rights to "Software," which was limited by Section 1.10 and Schedule 1 as the Ingres Database Managed Software;

  b. Mirion has distributed copies of OpenROAD beyond the scope of Section 2.2(i)(i) of the CLA, which expressly requires that Mirion not "distribute, lease, loan, sell, encumber, sublicense or otherwise transfer a Product";

  c. Mirion has over deployed Ingres by distributing copies of that software to at least 37 of its customers when it had only procured 35 Ingres licenses, beyond the scope

of the OEM Agreement, and the written license conveyed in Section 2.1 to market and distribute copies of Ingres, and by violating the express license restriction of Section 3.2 requiring that Mirion not, "distribute, sell, sublicense, lease, rent, loan, assign or otherwise transfer" Ingres software other than in the quantity purchased from Actian and complying with all of the terms of the OEM Agreement including the terms governing the manner in which Mirion is permitted to distribute copies of Ingres;

d.

e. Mirion integrated Actian's OpenROAD product into PADS, thereby offering its commercial service leveraging Actian's products, beyond the scope of Section 2.2(i)(ii) of the CLA, which prohibits "...us[ing] a Product to provide or operate hosting or Application Service Provider (ASP) services, service bureau, marketing training, outsourcing services, or consulting services, or any other commercial service related to the Products"; and

f. Mirion's customer sites maintain various versions of Ingres but Mirion has only been paying for the most current version, avoiding the significantly higher fees for old or obsolete versions, beyond the scope of the Support Policies.

18. The foregoing are only exemplary acts of copyright infringement, and there are likely other acts of infringement of which Actian remains unaware.

19. Mirion's infringement has been willful and intentional.

20. As a direct and proximate result of Mirion's wrongful conduct, Actian is entitled to damages in an amount to be proven at trial. Such damages include, but are not limited to, Actian's actual damages and each Mirion's profits attributable to infringement, as well as the gross revenues of Mirion's sublicensees, subdistributors, and end users attributable to infringement in light of the contributory infringement. Moreover, to the extent permissible under the law, Actian seeks recovery of its attorneys' fees and costs, under 17 U.S.C. § 505.

## FOURTH CLAIM OF RELIEF

**(Negligence)**

21. Actian restates and incorporates by reference every allegation in the preceding paragraphs.

22. Mirion owed a duty of care to Actian to review the Agreements before adding and using additional licenses of the Ingres software, before reproducing, distributing and reselling unlimited, unauthorized and unreported copies of the OpenROAD software, and before embedding and integrating unlimited numbers of unreported versions of the unauthorized OpenROAD software into PADS.

23. To the extent Mirion's view at the time was that the OEM Agreement or CLA were unclear about whether such copies must be reported to Actian or Actian paid for those distributions, Mirion owed Actian a duty of care to communicate and consult with Actian at the time, before engaging in potentially unlawful behavior by making and distributing those copies and failing to report or pay for them under the Agreements.

24. Mirion breached its duty of care to Actian by failing to review the Agreements at the time they engaged in their actions, and Mirion further breached their duty of care to Actian by failing to consult with Actian as to whether the Agreements permitted their planned course of action.

25. Mirion's breach caused Actian harm including without limitation anguish, expenditure of time, money and other resources in efforts to investigate and recover from Mirion's negligent conduct.

26. Mirion is liable to Actian for compensatory damages. Actian also seeks an injunction against further negligent conduct by Mirion.

WHEREFORE, Plaintiff Actian Corporation prays for judgment against Defendant as follows:

1. Finding Defendant or other Defendants liable for breach of contract of the OEM Agreement;

2. Finding Defendant or other Defendant liable for breach of contract of the CLA;

3. Finding Defendant or other Defendant liable for breach of contract of the Support Policies and end-user license agreements;

4. Finding Defendant liable for copyright infringement, including vicarious and contributory copyright infringement;

5. Finding Defendant liable for Actian's actual and compensatory damages in an amount to be proven at trial;

6. Finding Defendant liable for damages under the Copyright Act, including Actian's actual damages, Defendant's profits attributable to infringement, and the profits of Defendant's customers, sublicensees and subdistributors attributable to infringement;

7. Finding Defendant alternatively liable for statutory damages, including willful infringement, under the Copyright Act;

8. A preliminary and permanent injunction against Defendant prohibiting further acts of breach of contract and copyright infringement;

9. Finding Defendant liable for Plaintiff's attorneys' fees and costs;

10. Finding Defendant liable for interest in the maximum amount allowable for all asserted claims;

11. Awarding Plaintiff all such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: November 10, 2023       By: /s/ Ryan E. Hatch

RYAN E. HATCH (CA Bar No. 235577)
HATCH LAW, P.C.
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

Alan Sege (CA Bar No. 177350)
ALAN SEGE ESQ., PC
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 957-3301 Telephone
alan@alansege.com

*Attorneys for Plaintiff Actian Corporation*

-10-
Original Complaint