1

2   Ryan E. Hatch (SBN 235577)
    **HATCH LAW PC**
3   13323 Washington Blvd, Suite 302
    Los Angeles, CA 90066
4   (310) 279-5076 Telephone
    (310) 693-5328 Facsimile
5   ryan@hatchlaw.com

6   Alan Sege (SBN 177350)
    **ALAN SEGE ESQ., PC**
7   13323 Washington Blvd, Suite 302
    Los Angeles, CA 90066
8   Telephone: (310) 957-3301
    alan@alansege.com

9

10  *Attorneys for Plaintiff Actian Corporation*

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  ACTIAN CORPORATION                    Case No. 3:23-cv-05815-WHO

16                 Plaintiff,             **ACTIAN CORPORATION'S ANSWER
                                          TO MIRION TECHNOLOGIES
17         v.                             (CANBERRA), INC.'S COUNTERCLAIMS**

18
    MIRION TECHNOLOGIES (CANBERRA),
19  INC.

20                 Defendant.

21
    MIRION TECHNOLOGIES (CANBERRA),
22  INC.

23             Counterclaim Plaintiff,

24
           v.
25

26  ACTIAN CORPORATION

27             Counterclaim Defendant.

28

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

1    Plaintiff, Actian Corporation ("Plaintiff" or "Actian") hereby files this Answer to

2  Defendant Mirion Technologies (Canberra), Inc's ("Mirion" or "Defendant") Counterclaims.

3    1.    Actian lacks knowledge and information regarding the allegations in Paragraph 1

4  of the Counterclaims, and on that basis denies them.

5    2.    Actian admits that Actian is a successor in interest to Computer Associates

6  International, Inc., which is a successor to Ingres Corporation and Relational Technology, Inc.

7    3.    Actian lacks knowledge or information sufficient to form a belief as to the truth of

8  the allegations in Paragraph 3 and on that basis denies them.

9    4.    Actian lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations in Paragraph 4 and on that basis denies them.

11    5.    Actian lacks knowledge or information sufficient to form a belief as to the truth of

12  the allegations in Paragraph 5 and on that basis denies them.

13    6.    Actian lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations in Paragraph 6 and on that basis denies them.

15    7.    Actian lacks knowledge or information sufficient to form a belief as to the truth

16  regarding whether Mirion's software use rights under various license agreements entered into

17  with Actian and its predecessor companies over the course of more than 30 years and the PADS

18  software for safety of workers at nuclear utility power companies is under threat, and on that

19  basis, denies this allegation.  Actian admits that Mirion over-deployed Ingres. Actian denies the

20  remaining allegations in Paragraph 7.

21    8.    Actian admits that it has the right to conduct legitimate audits of its customers to

22  protect its intellectual property. Actian denies the remaining allegations in Paragraph 8.

23    9.    Actian admits that Actian was acquired by HCL Technologies, and has been

24  involved in lawsuits in this District and others. Actian denies the remaining allegations in

25  Paragraph 9.

26

27

28

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

**PARTIES**

10.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.    Actian admits the allegations in Paragraph 11.

**JURISDICTION AND VENUE**

12.    Actian admits that this Court over this action has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367, and that the Court has jurisdiction under 28 U.S.C. § 1331.

13.    Actian admits that the Court has personal jurisdiction over Actian.

14.    Actian admits that the venue is proper in the U.S. District Court for the Northern District of California pursuant to 28. U.S.C. § 1991.

**FACTUAL BACKGROUND**

15.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

18.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether over the course of several years, as more utilities adopted the PADS system, Canberra increased the number of OpenROAD Runtime Client licenses from 35 to 50, to account for the greater usage by more nuclear power utility companies, and whether Mirion and its predecessor increased the perpetual licenses for Ingres to 35, and on that basis denies them.  Actian denies the remaining allegations in Paragraph 18.

19.    Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

20.     Actian denies that it acted in a way consistent with a belief that Mirion was permitted to distribute OpenROAD as part of PADS.  Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21.     Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22.     Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23.     Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24.     Actian denies the allegations in Paragraph 24.

25.     Actian denies that it has "feigned" any ignorance.  Actian denies all other allegations of Paragraph 25.

26.     Actian admits that HCL Technologies acquired Actian and that Actian has filed multiple lawsuits against customers. Actian denies all remaining allegations in Paragraph 26.

27.     Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

28.      Actian denies the allegations in Paragraph 28.

29.     Actian admits that it submitted a PowerPoint presentation dated July 2023 titled "Account Summary and Proposal." The PowerPoint presentation and findings therein speak for themselves.  Actian respectfully refers the Court to the PowerPoint presentation for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document.  Actian preserves its right to exclude the PowerPoint presentation from evidence, under Federal Rule of Evidence, 408. Actian denies all other allegations of Paragraph 29.

30.     Actian denies the allegations in Paragraph 30.

31.     Actian denies the allegations in Paragraph 31.

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

32.     Actian admits that on or about September 11, 2023, Actian sent Mirion a letter. The letter speaks for itself.  Actian respectfully refers the Court to the letter for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian preserves its right to exclude the letter from evidence, under Federal Rule of Evidence, 408. Actian denies all other allegations in Paragraph 32.

33.     Actian denies the allegations in Paragraph 33.

34.     Actian denies the allegations in Paragraph 34.

## COUNT ONE

### (Declaratory Relief)

35.     No response is required to Paragraph 35 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

36.     Actian filed a Complaint, which speaks for itself.  Actian respectfully refers the Court to the Complaint for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 36.

37.     Actian denies the allegations in Paragraph 37.

38.     Actian denies the allegations in Paragraph 38.

## COUNT TWO

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

39.     No response is required to Paragraph 39 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

40.     Actian admits that Mirion and Actian entered into the CLA and OEM Agreements.  Actian lacks knowledge and information regarding the "ISV Agreement" and "Order 811851," and on that basis denies that it entered into those agreements.  The parties' agreements speak for themselves. Actian respectfully refers the Court to the agreements for a

complete and accurate recitation of their contents, and denies Mirion's allegations to the extent inconsistent with those documents.  All other allegations in Paragraph 40 are denied.

41.    Actian denies the allegations in Paragraph 41.

42.    Actian denies the allegations in Paragraph 42.

43.    Actian denies the allegations in Paragraph 43.

44.    Actian denies the allegations in Paragraph 44.

**COUNT THREE**

**(Violation Of California Business & Professions Code § 17200, et seq.)**

45.    Actian lacks knowledge and information regarding the allegations in Paragraph 45 of the Counterclaims, and on that basis denies them.

46.    Actian denies the allegations in Paragraph 46, including sub-paragraphs (a), (b), and (c).

47.    Actian denies the allegations in Paragraph 47.

Actian denies that Mirion is entitled to any of the relief sought.

**STATEMENT OF AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Actian asserts the following defenses. Actian reserves the right to assert further defenses that may be identified the course of further investigation, discovery, or litigation of this action.

**FIRST DEFENSE – FAILURE TO STATE A CLAIM**

The Counterclaim fails to state a claim upon which relief can be granted.

**SECOND DEFENSE – UNCLEAN HANDS**

Mirion's claims are barred by unclean hands.

**THIRD DEFENSE –WAIVER**

Mirion's claims are barred by the doctrine of waiver.

**FOURTH DEFENSE – EQUITABLE ESTOPPEL**

Mirion's claims are barred by equitable estoppel.

**FIFTH DEFENSE**

Mirion claims should be denied because it has not suffered any damages.

**SIXTH DEFENSE**

Mirion's damages, to the extent it has suffered any, should be barred or reduced in accordance with the doctrines of comparative or contributory negligence or fault.

**EIGHTH DEFENSE**

Mirion's claims are barred, in whole or in part, as a result of Mirion's failure to mitigate damages.

**NINTH DEFENSE**

To the extent that Mirion seeks to sanction or restrain conduct by Actian that is comprised of protected speech, such as commercial speech, the First Amendment of the United States Constitution bars all relief that Mirion seeks to abridge Actian's right to engage in that protected speech.

**PRAYER FOR RELIEF**

Wherefore, in consideration of the foregoing, Actian prays for judgment against Mirion Technologies, Inc. as follows:

1. That the Court enter judgment in favor of Actian on all claims asserted by Miriion, holding that Mirion take nothing by reason of Mirion's counterclaims or any other claim that may be asserted by Mirion in this action;

2. That Actian be awarded its attorneys' fees and costs of suit herein; and

3. Award Actian any and all other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Actian demands a jury trial on each claim on which it is entitled to a jury trial.

Dated: February 20, 2024

By: */s/ Ryan E. Hatch*
Ryan E. Hatch
**HATCH LAW PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile

Case No.  3:23-cv-05815-WHO

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

1    ryan@hatchlaw.com

2    Alan Sege
     **ALAN SEGE ESQ., PC**
3    13323 Washington Blvd, Suite 302
     Los Angeles, CA 90066
4    (310) 957-3301 Telephone
     alan@alansege.com
5
     *Attorneys for Plaintiff Actian Corporation*
6

7
                    **<u>CERTIFICATE OF SERVICE</u>**
8

9         The undersigned counsel hereby certifies that on February 20, 2024 a true and correct

10   copy of the foregoing document was electronically filed via the Court's CM/ECF system, which

11   will send a notification of electric filing to all counsel of record who have appeared in this case.

12
                                   */s/Ryan E. Hatch*
13                                 Ryan E. Hatch

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS