Ryan E. Hatch (SBN 235577)
**HATCH LAW PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

Alan Sege (SBN 177350)
**ALAN SEGE ESQ., PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
Telephone: (310) 957-3301
alan@alansege.com

*Attorneys for Plaintiff and Counterclaim Defendant Actian Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIAN CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>MIRION TECHNOLOGIES (CANBERRA), INC.<br><br>Defendant.<br><br>MIRION TECHNOLOGIES (CANBERRA), INC.<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>ACTIAN CORPORATION<br><br>Counterclaim Defendant. | Case No. 3:23-cv-05815-WHO<br><br>**ACTIAN CORPORATION'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS** |

Plaintiff, Actian Corporation ("Plaintiff" or "Actian") hereby files this Answer to Defendant Mirion Technologies (Canberra), Inc's ("Mirion" or "Defendant") Counterclaims.

1. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies them.

2. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies them.

5. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies them.

6. Actian denies the allegations in Paragraph 6.

7. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8. Actian denies the allegations in Paragraph 8.

9. Actian admits that it has the right to conduct legitimate audits of its customers to protect its intellectual property. Actian denies the remaining allegations in Paragraph 9.

10. Actian admits that Actian was acquired by private equity firm HCL Technologies, and has been involved in lawsuits in this District and others. Actian denies the remaining allegations in Paragraph 10.

**PARTIES**

11. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Actian admits the allegations in Paragraph 12 as they relate to Actian's place of business and Computer Associates International, Inc. Actian denies all other allegations of Paragraph 12.

**JURISDICTION AND VENUE**

13. Actian admits that this Court over this action has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367, and that the Court has jurisdiction under 28 U.S.C. § 1331.

14. Actian admits that the Court has personal jurisdiction over Actian.

15. Actian admits that the venue is proper in the U.S. District Court for the Northern District of California pursuant to 28. U.S.C. § 1991.

**FACTUAL BACKGROUND**

16. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17. Actian admits that in 1998, Mirion and Computer Associates entered into an Independent Software Vendor Agreement (the "ISV Agreement"), which speaks for itself. Actian respectfully refers the Court to the ISV Agreement for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 17.

18. Actian admits that in 2012, Mirion and Actian entered into the CLA, which speaks for itself. Actian respectfully refers the Court to the CLA for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 18.

19. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

20. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Actian admits that in 2015, Mirion and Actian entered into the OEM Agreement, which speaks for itself. Actian respectfully refers the Court to the OEM Agreement for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 23.

24. Actian respectfully refers the Court to the OEM Agreement for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 24.

25. Actian respectfully refers the Court to the OEM Agreement for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 25.

26. Actian denies the allegations in Paragraph 26.

27. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

28. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31. Actian denies the allegations in Paragraph 31.

32. Actian denies that it has "feigned" any ignorance. Actian denies all other allegations of Paragraph 32.

33. Actian admits that HCL Technologies acquired Actian and that Actian has filed multiple lawsuits against customers. Actian denies all remaining allegations in Paragraph 33.

34. Actian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies them.

35. Actian denies the allegations in Paragraph 35.

36. Actian admits that it submitted a PowerPoint presentation dated July 2023 titled "Account Summary and Proposal." The PowerPoint presentation and findings therein speak for themselves. Actian respectfully refers the Court to the PowerPoint presentation for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian preserves its right to exclude the PowerPoint presentation from evidence, under Federal Rule of Evidence, 408. Actian denies all other allegations of Paragraph 36.

37. Actian denies the allegations in Paragraph 37.

38. Actian denies the allegations in Paragraph 38.

39. Actian admits that on or about September 11, 2023, Actian sent Mirion a letter. The letter speaks for itself. Actian respectfully refers the Court to the letter for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian preserves its right to exclude the letter from evidence, under Federal Rule of Evidence, 408. Actian denies all other allegations in Paragraph 39.

40. Actian denies the allegations in Paragraph 40.

41. Actian denies the allegations in Paragraph 41.

## **FIRST COUNTERCLAM**

**(Declaratory Relief)**

42. No response is required to Paragraph 42 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

43. Actian filed a Complaint, which speaks for itself. Actian respectfully refers the Court to the Complaint for a complete and accurate recitation of its contents, and denies Mirion's allegations to the extent inconsistent with that document. Actian denies all other allegations in Paragraph 43.

44. Actian denies the allegations in Paragraph 44.

45. Actian denies the allegations in Paragraph 45.

## SECOND COUNTERCLAIM

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

46. No response is required to Paragraph 46 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

47. Actian admits that Mirion and Actian entered into the CLA and OEM Agreements. Actian lacks knowledge and information regarding the "other agreements" and "Order 811851," and on that basis denies that it entered into any such agreements. The parties' agreements speak for themselves. Actian respectfully refers the Court to the agreements for a complete and accurate recitation of their contents, and denies Mirion's allegations to the extent inconsistent with those documents. All other allegations in Paragraph 47 are denied.

48. Actian denies the allegations in Paragraph 48.

49. Actian denies the allegations in Paragraph 49.

50. Actian denies the allegations in Paragraph 50.

51. Actian denies the allegations in Paragraph 51.

52. Actian denies the allegations in Paragraph 52.

## THIRD COUNTERCLAIM

**(Breach of Contract)**

53. No response is required to Paragraph 53 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

54. Actian denies the allegations in Paragraph 54.

55. Actian denies the allegations in Paragraph 55.

56. Actian denies the allegations in Paragraph 56.

## FOURTH COUNTERCLAIM

**(Violation Of California Business & Professions Code § 17200, et seq.)**

57. No response is required to Paragraph 57 of the Counterclaim. To the extent a response is required, Actian restates and incorporates by reference its responses to the foregoing paragraphs.

58. Paragraph 58 does not allege any facts that require a response. To the extent a response is required, Actian denies.

59. Actian denies the allegations in Paragraph 59, including all sub-paragraphs, (a), (b), (c), (d), and (e).

60. Actian denies the allegations in Paragraph 60.

61. Actian denies the allegations in Paragraph 61.

62. Actian denies the allegations in Paragraph 62.

Actian denies that Mirion is entitled to any of the relief sought.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Actian asserts the following defenses. Actian reserves the right to assert further defenses that may be identified the course of further investigation, discovery, or litigation of this action.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Mirion's claims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE – UNCLEAN HANDS

Mirion's claims are barred by unclean hands.

## THIRD DEFENSE – WAIVER

Mirion's claims are barred by the doctrine of waiver.

## FOURTH DEFENSE – EQUITABLE ESTOPPEL

Mirion's claims are barred by equitable estoppel.

## FIFTH DEFENSE

Mirion claims should be denied because it has not suffered any damages.

**SIXTH DEFENSE**

Mirion's damages, to the extent it has suffered any, should be barred or reduced in accordance with the doctrines of comparative or contributory negligence or fault.

**SEVENTH DEFENSE**

Mirion's claims are barred, in whole or in part, as a result of Mirion's failure to mitigate damages.

**EIGHTH DEFENSE**

Mirion's claims are barred by the doctrine of accord and satisfaction.

**NINTH DEFENSE**

Mirion failed to act in a commercially reasonable manner.

**TENTH DEFENSE**

Mirion's claims are barred by the doctrines of frustration of purpose and impossibility.

**ELEVENTH DEFENSE**

Mirion's claims are barred by the provisions of Sections 1567, 1576 and 1577 of the California Civil Code. Specifically, Actian entered into the OEM Agreement with the understanding that Mirion was not permitted to sell PADS, with embedded Ingres and OpenROAD software, to any third party. But for that understanding, Actian would not have entered into the agreement.

**TWELVTH DEFENSE**

Mirion is not entitled to recovery from Actian because the alleged damages, if any, are speculative.

**THIRTEENTH DEFENSE**

Actian presently lacks sufficient knowledge and information upon which to form a belief as to whether it may have additional, unasserted defenses, and therefore reserves the right to add additional defenses in the event that discovery or other investigation indicates it would be appropriate.

**PRAYER FOR RELIEF**

The remainder of the Counterclaims consists of Mirion's prayer for judgment to which no response is required. To the extent a response is required, Actian denies that Mirion has any right to judgment or is entitled to any form of relief.

Wherefore, in consideration of the foregoing, Actian prays for judgment against Mirion Technologies, Inc. as follows:

1. That the Court enter judgment in favor of Actian on all claims asserted by Mirion, holding that Mirion take nothing by reason of Mirion's counterclaims or any other claim that may be asserted by Mirion in this action;
2. That Actian be awarded its attorneys' fees and costs of suit herein; and
3. Award Actian any and all other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Actian demands a jury trial on each claim on which it is entitled to a jury trial.

Dated: March 22, 2024

By: */s/ Ryan E. Hatch*
Ryan E. Hatch
**HATCH LAW PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 279-5076 Telephone
(310) 693-5328 Facsimile
ryan@hatchlaw.com

Alan Sege
**ALAN SEGE ESQ., PC**
13323 Washington Blvd, Suite 302
Los Angeles, CA 90066
(310) 957-3301 Telephone
alan@alansege.com

*Attorneys for Plaintiff Actian Corporation*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 22, 2024 a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which will send a notification of electric filing to all counsel of record who have appeared in this case.

*/s/Ryan E. Hatch*
Ryan E. Hatch